IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| H&R BLOCK EASTERN TAX SERVICES, INC., | ) ) |
| Plaintiff | ) ) |
| v. | ) No. 3:04-cv-537 |
| ROBIN DALTON JORDAN, KAREN ROBERTS, JORDAN'S TAX SERVICE, and EAST TENNESSEE BOOKKEEPING & TAX SERVICE, INC., | ) ) ) ) ) |
| Defendants | ) ) |

## MEMORANDUM OPINION

This matter is presently before the court on plaintiff's motion for default [Doc. 26] filed on August 25, 2005, seeking a default judgment in the amount of $22,494 against defendant Robin Dalton Jordan, f/k/a Robin M. Dalton ("Jordan"). Plaintiff seeks this relief against Jordan for her total failure to comply with this court's order [Doc. 25] filed on August 9, 2005, which compelled her to respond to plaintiff's discovery requests within ten days from the date of that order. For the reasons that follow, plaintiff's motion for default will be granted.

A review of the record reflects the following:

(1) Jordan has failed to respond at all to plaintiff's first set of interrogatories, first request for production of documents, and first request for admissions filed on December 17, 2004 [*see* Doc. 24, Ex. F];

(2) Jordan has failed to respond at all to plaintiff's second set of interrogatories and second request for production of documents filed on June 30, 2005 [*see id.*];

(3) This court's order [Doc. 25] filed on August 9, 2005, ordered Jordan "to respond to *all* of the previously mentioned discovery requests filed by plaintiff within ten (10) days from the date of this order; otherwise, the court will impose all appropriate sanctions, including entry of default and default judgment, as well as reasonable expenses, including attorney's fees, caused by defendant's failure to do so. *See* Fed.R.Civ.P. 37(b)(2).";

(4) Fed.R.Civ.P. 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among other things the following ...

> (C) "[a]n order ... rendering a judgment by default against the disobedient party[.]";

(5) According to plaintiff's verified complaint, Jordan owes at least $22,494 pursuant to a promissory note dated September 12, 1997 [*see* Doc. 1, Ex. 3], a franchise equity line of credit agreement executed on September 30, 1997 [*see id.*, Ex. 2], and a franchise equity line of credit security agreement also executed on September 30, 1997 [*see id.*, Ex. 4]; and

(6) Jordan admits in her *pro se* answer [Doc. 11, Attachment 1] that she "was in default on the payment to franchise partner." [*Id.*, p.7].

Finally, in considering whether it is appropriate to enter default judgment against Jordan, the court notes that this defendant failed to make any appearance whatsoever at the hearing on plaintiff's request for a preliminary injunction [*see* Docs. 16 and 21], nor did Jordan participate in the Rule 26(f) meeting [*see* Doc. 23] as required by this court's scheduling order [Doc. 20] filed on February 4, 2005. In short, other than filing an answer to the complaint,[1] Jordan has refused to comply with the Federal Rules of Civil Procedure and has refused to comply with any order of this court. Consequently, the court is of the opinion that a default judgment in the amount requested is fair and just under all of the circumstances.

Order accordingly.

                                            *s/ James H. Jarvis*
                                     UNITED STATES DISTRICT JUDGE

---

[1] In reality, plaintiff filed Jordan's answer for her because Jordan sent the answer to plaintiff and did not favor either the court or any co-defendants with a copy of her answer.

3