IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| H&R BLOCK EASTERN TAX SERVICES, INC., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 3:04-cv-537 |
| ROBIN DALTON JORDAN, KAREN ROBERTS, JORDAN'S TAX SERVICE, and EAST TENNESSEE BOOKKEEPING & TAX SERVICE, INC., | ) ) ) ) ) ) | |
| Defendant | ) ) | |

**O R D E R**

For good cause shown, plaintiff''s motion to revise judgments [Doc. 34] is hereby GRANTED in its entirety whereby the court takes the following actions:

(1) The court hereby DIRECTS the Clerk to convert the default judgment [Doc. 28] filed on August 30, 2005, in favor of plaintiff against defendant Robin Dalton Jordan, f/k/a Robin M. Dalton, in the amount of Twenty-Two Thousand, Four Hundred Ninety-Four Dollars ($22,494.00) to a "Final Judgment" as contemplated by Fed. R. Civ. P. 54(b) and to enter a separate judgment accordingly;

(2) The court hereby DIRECTS the Clerk to convert the order of default judgment [Doc. 31] filed on September

12, 2005, in favor of plaintiff against defendants Jordan's Tax Service and East Tennessee Bookkeeping & Tax Service, Inc., in the amount of Twenty-Two Thousand, Four Hundred Ninety-Four Dollars ($22,494.00) to a "Final Judgment" as contemplated by Fed. R. Civ. P. 54(b) and to enter a separate judgment accordingly; and

(3) Finally, the Clerk is DIRECTED to indicate that the Final Judgment with respect to defendant Robin Jordan be entered *nunc pro tunc* August 30, 2005, and that the Final Judgment with respect to defendant Jordan's Tax Service and East Tennessee Bookkeeping & Tax Service, Inc., be entered *nunc pro tunc* September 12, 2005.

In taking these actions, the court observes that there is no just reason for delay in the entry of final judgments with respect to these defendants. *See* Fed. R. Civ. P. 54(b). As noted in its motion, plaintiff is unable to execute upon these default judgments because this case is still open with respect to the remaining defendant, Karen Roberts. The record specifically reflects that the court entered an agreed order extending the preliminary injunction against defendant Roberts through May 31, 2006 [*see* Doc. 32]. Thus, at a minimum, this case will not be concluded as to defendant Roberts before June 1, 2006. Consequently, plaintiff would have to wait a minimum of these four additional months before being able to execute on these default judgments because of that agreed order which precludes entry of a final judgment against the remaining defendant. Plaintiff should not be prevented from collecting on these default judgments under these circumstances. This is especially true given the fact that these default judgments were entered because

2

these defendants' failed "to comply with the Federal Rules of Civil Procedure and [failed] to comply with any order of this court."  [*See* Doc. 27, p.3].

**E N T E R :**

*s/  James H. Jarvis*<br>UNITED STATES DISTRICT JUDGE